```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  C.M.,                                                     :
                                                            :
                          Plaintiff                         :
                                                            :       20-CV-751 (VSB)
                  -against-                                 :
                                                            :              ORDER
  THE ESTATE OF DR. REGINALD                                :
  ARCHIBALD, et al.,                                        :
                                                            :
                          Defendants.                       X
------------------------------------------------------------
```

<u>VERNON S. BRODERICK, United States District Judge</u>:

On May 1, 2024, Plaintiff's counsel Matthew Shock of Levy Konigsberg LLP moved to withdraw Levy Konigsberg LLP as counsel of record for Plaintiff. (Doc. 52.) Mr. Shock cited "[s]ignificant differences" between Plaintiff and Levy Konigsberg regarding "the appropriate approach" to representation, and that "an irrevocable breach has developed." (Doc. 52-1 ¶ 8.) Shock further described a "breakdown of communication and a lack of cooperation in the attorney-client relationship," and that it would be "unreasonably difficult" to continue to represent Plaintiff effectively. (*Id.* ¶ 9.) On October 8, 2024, I granted the motion to withdraw and gave Plaintiff until December 7, 2024 "to obtain new counsel or to inform me as to whether or not he intends to proceed pro se." (Doc. 54 at 2.) On December 3, 2024, I also granted attorney Renner Walker's motion to withdraw, (Doc. 55), because he no longer works at Levy Konigsberg. (Doc. 56.) On December 9, 2024, I ordered Plaintiff to indicate by December 16, 2024, whether he has obtained new counsel or whether he intends to proceed pro se. (Doc. 57 at 1.) I noted that if Plaintiff fails to do so, then I would find that he intends to proceed pro se. (*Id.*)

Before me is defense counsel Friedman Kaplan Seiler Adelman & Robbins LLP's motion to withdraw as counsel of record for Defendant Madison Square Boys and Girls Club, Inc. ("Madison"). (Doc. 59.) Declarations in support of the motion were also filed. (Docs. 60 ("Baker Declaration") and 61 ("McChristian Declaration").) The McChristian Declaration, written by Tim McChristian, Executive Director of Madison, states that a Chapter 11 plan of reorganization was approved by the Bankruptcy Court. (Doc. 61 ¶ 4.) Under that plan, a compensation trust was created, which would compensate for various claims, including those alleged by Plaintiff in this case. (*Id.* ¶ 5.) Madison states that any of Plaintiff's claims, in addition to those for compensation which would be administered by the trust, would be "against Madison in name only and solely for the purpose of obtaining available insurance proceeds." (*Id.* ¶ 6.) If that were to happen, Madison "would not defend itself in such action, and would leave any such defense to any insurance carrier which might have an interest in the result." (*Id.* ¶ 8.) As of this time, Madison is not aware of any such insurance coverage that would apply to Plaintiff's claims. (*Id.*) Madison accordingly requests withdrawal of attorney to save on legal fees and because Madison does not have "an economic interest in the outcome of this action." (*Id.* ¶ 7.)

Accordingly, it is hereby:

ORDERED that, because Plaintiff has not indicated whether he has obtained new counsel or whether he intends to proceed pro se, I find that Plaintiff intends to proceed pro se.

ORDERED that defense counsel contact Plaintiff's former counsel Levy Konigsberg LLP to obtain Plaintiff's e-mail and/or mailing address. Defense counsel must then e-mail and/or mail copies of (1) this Order and (2) defense counsel's motion to withdraw and supporting declarations (Docs. 59–61) to Plaintiff. In accordance with the statements in the McChristian

Declaration, Plaintiff is notified that he may have the right to (1) receive compensation from a trust created under the Chapter 11 restructuring plan and (2) proceed with other litigation against Madison in this case.

ORDERED that defense counsel submit a letter by January 31, 2025 notifying me that they have complied with this order regarding the efforts to reach out to Plaintiff. This letter should also note Plaintiff's confirmation of receipt of the materials. If defense counsel cannot obtain such confirmation, this letter should note all the steps defense counsel has taken to comply with this order. After defense counsel's submission of this letter, I will consider their motion to withdraw as counsel.

SO ORDERED.

Dated:   January 8, 2025
         New York, New York

_____
Vernon S. Broderick
United States District Judge